**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:26-cv-01712

DANIEL J. MADONE and
KAREN A. MADONE,

Plaintiffs,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant Safeco Insurance Company of America ("Defendant"), by and through its undersigned counsel, Womble Bond Dickinson (US) LLP, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully gives notice of the removal of this action from the District Court for Denver County, Colorado to the United States District Court for the District of Colorado.  In support of said removal, Defendant states as follows:

**INTRODUCTION**

1.      On March 31, 2026, Plaintiffs initiated this action by filing their Complaint against Defendant in the District Court, Denver County, Colorado, Case No. 2026CV31133 ("State Action").  *See* Plaintiffs' Compl., **Exhibit A**.

2.      In the State Action, Plaintiffs have alleged that Defendant delayed or denied first-party property insurance coverage to them following the failure of a plumbing system that reportedly occurred on August 12, 2024.  Plaintiffs have alleged three claims for relief against

4910-8984-8163.1

Defendant: a First Claim for Relief for Breach of Contract, a Second Claim for Relief for Statutory Bad Faith pursuant to C.R.S. § 10-3-1115 & CRS § 10-3-1116, and a Third Claim for Relief for Common Law Bad Faith.  *See* Plaintiffs' Compl., attached as **Exhibit A.**

## COMPLIANCE WITH THE RULES

3.      All procedural requirements related to the removal of this action have been satisfied.

4.      On April 1, 2026, Plaintiffs served Defendant with a Summons and copy of Plaintiffs' Complaint.  *See* Return of Service, attached as **Exhibit B**.

5.      This Notice of Removal is filed within thirty (30) days of the service of Plaintiffs' Complaint and is, therefore, timely pursuant to 28 U.S.C. §§ 1441 and 1446(b).

6.      Concurrent with this Notice of Removal, Defendant will file a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This filing will include a true and correct copy of the State Court docket, and all State Court pleadings, motions, and other papers known to have been served on Defendant.

7.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Summons (**Exhibit C**) and Complaint (**Exhibit A**) are attached to this Notice of Removal.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on counsel for Plaintiffs.

9.      Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

- 2 -

10.     Pursuant to D.C.Colo.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

11.     Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

12.     Venue is proper in the United States District Court for the District of Colorado because this District embraces the location where the State Action is pending.  *See* 28 U.S.C. § 1446(c).

**DIVERSITY JURISDICTION**

13.     Plaintiffs' Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000.

**A.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

14.     Plaintiffs are citizens of Colorado who reside at 1216 Park Avenue Units A-B, Canon City, Colorado 80212 ("Property").  *See* Plaintiffs' Compl., **Exhibit A, ¶¶** 1, 13. According to the records of the Fremont County Assessor, Plaintiffs are the owners of the Property.  Plaintiffs are registered voters in Colorado and their voter registration is linked to their home address, which is listed as the Property.  Significantly, research has not disclosed any evidence that Plaintiffs are citizens of New Hampshire or Massachusetts, the jurisdictions in which Defendant is incorporated and maintains its principal place of business, and is, therefore, deemed to be a citizen.  Based on investigation and available information, Plaintiffs are citizens

4910-8984-8163.1

of the State of Colorado for diversity purposes.  Accordingly, complete diversity of citizenship exists to support removal of this case.

15.     Defendant Safeco Insurance Company of America is a citizen of New Hampshire and Massachusetts.  Defendant is incorporated under the laws of New Hampshire and maintains its principal place of business in Boston, Massachusetts.  *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

16.     For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     While not waiving Defendant's right to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000, exclusive of interest and costs.

18.     In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint.  *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940).  "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce."  *Id.; see also, McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose.)

19.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S.Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal may be filed

- 4 -

within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may first be ascertained in the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceeding, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

20.     Prior to filing the instant action, on May 1, 2025, Plaintiffs' counsel sent a demand to Defendant for $17,557.70 and threatened to file a "lawsuit containing a claim for breach of contract and bad faith seeking all compensation allowed by law, including attorneys' fees and three times the amount unreasonably denied or delayed."  In their Complaint, in addition to contractual damages, Plaintiffs allege in their Complaint that they are entitled to "two times the covered benefits plus reasonable attorney's fees and court costs" pursuant to C.R.S. § 10-3-1116(1).  **Exhibit A**, ¶ 35.  Plaintiffs' Second Claim for Relief for statutory damages confirms that the jurisdictional threshold of $75,000 is satisfied in this action. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, *4 (D. Colo. 2010) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.,* No. 12-cv- 02229-REB-KLM, 2013 WL 1412327 (D. Colo. 2013) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

4910-8984-8163.1

21.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interest and costs.  Therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the District Court, Denver County, Colorado, Case No. 2026CV31133, be removed to the United States District Court for the District of Colorado, and that all further proceedings be heard by this Court.

Respectfully submitted this 22nd day of April, 2026.

WOMBLE BOND DICKINSON (US) LLP


*s/ Brian J. Spano*
Brian J. Spano, Esq.
1601 19th Street, Suite 1000
Denver, CO 80202
Phone: 303.623.9000
Email:  brian.spano@wbd-us.com

*Attorneys for Defendant*
*Safeco Insurance Company of America*

4910-8984-8163.1

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of April, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Maximo A. Santiago, Esq.
Your Insurance Attorney, PLLC
90 S Cascade, Suite 1200
Colorado Springs, CO 80903
(719) 886-1802
Yia3@yourinsuranceattorney.com

*Attorneys for Plaintiffs*

WOMBLE BOND DICKINSON (US) LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.

- 7 -

4910-8984-8163.1